## In the Matter of the Estate of PATRICK McDERMOTT, Deceased.

Surrogate's Court, New York County, February 23, 1926.

**Wills — construction — testator without expressly designating instrument as will, listed names and addresses of persons and institutions with amounts set opposite each name — testator intended to bequeath to each person and institution named amounts set opposite each name — bequest of " $7,000 " to testator's brother at head of list of beneficiaries and of " $3,000 " to same person at end of list construed to mean bequest of both amounts to brother — phrase " $1,000 " for " expenses " does not show intention to make said brother residuary legatee — bequests to individuals deemed to mean bequests to them, personally — ambiguities and misnomers as to legatees corrected.**

A holographic will wherein the testator, without expressly designating the instrument as such, affixed his signature under the statement " I declare this to be my last will," caused the names and addresses of two subscribing witnesses to be set down and listed the names of persons and institutions with various amounts set opposite each name, will be construed as bequeathing each sum set forth to the legatee whose name appears opposite thereto.

A bequest to testator's brother, whose name appears at the head of the list with " $7,000 " set opposite it, and again at the end of the list with " $3,000 " set opposite it will be construed to mean that both bequests were intended for said brother. The repetition of said brother's name at the end of the list after a recitation " $1,000 " for " expenses " does not indicate a purpose to make said brother a residuary legatee; therefore, the paragraph bequeaths $3,000 to said brother, leaving the residue, if any, undisposed of.

A bequest to " Rev. Nelson H. Baker " is a bequest to Father Baker, personally, and not to " the Home for Catholic Children " which appears under his address in the will.

The phrase " expenses $1,000 " was intended to apply to funeral and administration expenses and said amount should go for that purpose.

A bequest to " Rev. Dana Duggan," with address " Niagara Univ." beneath the name, was intended as a bequest to Father Duggan, personally, and not to Niagara University.

A bequest to " St. Vincent De Paul Branch Ascension Parish," was intended as a bequest for the Ascension Parish Branch of St. Vincent De Paul Society connected with Ascension Church in West One Hundred and Seventh street, New York city.

APPLICATION for construction of will.

*Wise & Seligsberg,* for the petitioner.

*Wise & Seligsberg,* for the proponent.

O'BRIEN, S. This is an application for a construction of the will of decedent, which has been admitted to probate in this court. The paper lacks the usual formality and framework of a will. There is no preamble or title expressly naming it as a will. It is

simply a list of names of persons and institutions with various amounts set opposite and at the end the date, the testator's signature under the statement " I declare this to be my last will," and, below, the signatures and addresses of the two subscribing witnesses. The will is holograph·c.   In it testator set forth names, addresses and amounts in a manner clearly indicating his intention to bequeath in said will each sum set forth to the legatee whose name appears opposite thereto and I so hold.

Several ambiguities, uncertainties or misnomers were cleared up by the testimony taken before me.   (1) As to Thomas McDermott, testator's brother, his name appears · at the head of the list with " $7,000 " set opposite it and then at the end of the list with " $3,000 " set opposite.   The repetition, it was thought, raised the query whether the same " Thomas McDermott " was intended by testator.   After considering the testimony I hold that both bequests were ·ntended for testator's brother Thomas.   It was urged that the repetition of said brother's name at the end of the list and after naming " $1,000 " for " expenses " indicated a purpose to make said brother a residuary legatee.   While this interpretation is plausible I am of the opinion that it involves something in the nature of a guess.   I hold, therefore, that the inscription is ineffectual to bequeath more than $3,000 and that the residue, if any, is not disposed of.   (2) Rev. Nelson H. Baker was identified in the testimony and I hold that he personally is a beneficiary in the sum opposite his name and not " the Home for Catholic Children " which appears under his address in the will.   (3) The testator clearly intended by the item " expenses $1,000 " that this sum should be applied to funeral and administration expenses. No other construction is urged and none other is possible in the absence of evidence that a contrary intention was entertained. (4) The bequest to " Rev. Dana Duggan " with address " Niagara Univ." beneath the name was intended, I hold, as a bequest to him personally and not to Niagara University.   (5) The bequest to " St. Vincent De Paul Branch Ascension Parish " was intended, I hold, for the Ascension Parish Branch of St. Vincent De Paul Society connected with Ascension Church in West One Hundred and Seventh street, New York.   (6) The bequest to " Kate Humic " was intended, I find, for testator's niece Catherine Heinig.   (7) The bequest to " Margaret Amastan " was intended, I hold, for testator's niece Margaret Ametrano.   (8) The bequest to " Thomas McDermott " was intended, I hold, for testator's nephew Thomas McDermott.   (9) The bequests to the " Julia Heiden," " Charles McDermott " and " Edward McDermott " named in the same group with the preceding three beneficiaries were intended

for testator's niece and nephews bearing said names respectively and, like the preceding three, all children of testator's brother Thomas. I hold, in conclusion, that (1) the legatees as I have indicated should be paid the sums set opposite their names; (2) the sum of $1,000 should be applied to the payment of funeral and administration expenses; and (3) the residue, if any, should be paid to the next of kin of decedent who take under the Statute of Distribution. Submit decree on notice construing the will accordingly.